UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Starks Fincher, Jr.,

                 Petitioner,

vs.           ) Civil Action No. 9:17-725-BHH

Warden Gio Ramirez,
                   )
             Respondent.         **OPINION AND ORDER**

Petitioner Starks Fincher, Jr. ("Petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant, for pre-trial proceedings and a Report and Recommendation ("Report"). Magistrate Judge Marchant recommends that the petition be dismissed without prejudice and without requiring Respondent to file a return. (ECF No. 8.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify,

1

in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

Petitioner filed objections (ECF No. 12) to the Report, which the Court has carefully reviewed. The filing fails to state a specific objection or direct the Court to any specific error in the Magistrate's proposed findings and recommendations that: (1) Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause; (2) Petitioner cannot satisfy the § 2255 savings clause because the Fourth Circuit has not extended the reach of the savings clause to petitions that challenge a sentence only; and (3) *Mathis v. United States*, 136 S.Ct. 2243 (2016) does not provide Petitioner an avenue to bring his petition pursuant to § 2241. (*See* ECF No. 8 at 5-7.) Rather, Petitioner's rambling objections merely state irrelevant and/or inaccurate interpretations of law, and rehash points raised in his petition. Nevertheless, out of an abundance of caution, the Court has conducted a *de novo* review of the Report and the record. The Court finds Petitioner's objections to be without merit and hereby overrules them.

While the instant petition is subject to dismissal on a jurisdictional basis, in an effort to stem the flow of Petitioner's repeated, meritless attempts to challenge his sentence under § 2241, the Court would point Petitioner to its July 10, 2017 ruling denying his successive § 2255 in *United States v. Fincher*, 7:08-cr-1219-BHH-1 (ECF No. 158). There, the Court explained why, under current law (including *Johnson v. United States*, 576 U.S. —, 135 S. Ct. 2551 (2015), *Welch v. United States*, 136 S. Ct. 1257 (2016), *United States v. McLeod*, 808 F.3d 972 (4th Cir. 2015), and *Mathis*), Petitioner's prior drug distribution offenses are qualifying predicate "serious drug offenses" under the ACCA, and his sentence enhancement was lawful.

In summary, the Court agrees with the analysis of the Magistrate Judge and, after review, finds no error therein.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Magistrate Judge's Report. Accordingly, this action is dismissed without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 18, 2017
Greenville, South Carolina